# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

LEONARD C. HOWARD,

      Plaintiff,                :        Case No. 3:07-cv-381

                                    District Judge Thomas M. Rose
   -vs-                               Chief Magistrate Judge Michael R. Merz

                              :

JUDGE WILLIAM McMILLAN, et al.,

      Defendants.

## REPORT AND RECOMMENDATIONS; ORDER TO THE CLERK

Plaintiff Leonard Howard brought this action *pro se* to obtain release from the thirty-year prison sentence he is presently serving at the Southern Ohio Correctional Facility and monetary compensation from Montgomery County Common Pleas Judge William MacMillan, Ohio Second District Court of Appeals Judge Mary Donovan, and attorneys Mark Zugelder and Kenneth Pohlman.

The case is before the Court for review prior to issuance of process. Plaintiff is a prisoner within the meaning of 28 U.S.C. §1915A(c). §1915A was added to the Judicial Code by the Prison Litigation Reform Act of 1995 Title VIII of P.L. 104-134, 110 Stat. 1321(effective April 26, 1996)(the "PLRA") and provides in pertinent part:

> (a) Screening -- The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

> (b) Grounds for Dismissal -- On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint --

1

>(1) is frivolous, malicious, or fails to state a claim upon which relief can be granted; or
>(2) seeks monetary relief from a defendant who is immune from such relief.

The PLRA also amends 28 U.S.C. §1915(e)(2) to read as follows:

>Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that
>
>(A) the allegation of poverty is untrue; or
>
>(B) the action or appeal –
>
>(I) is frivolous or malicious;
>(ii) fails to state a claim upon which relief can be granted; or
>(iii) seeks monetary relief against a defendant who is immune from such relief.

A district court must screen prisoner complaints under both §1915A and §1915(e)(2). *McGore v. Wrigglesworth,* 114 F.3d 601 (6th Cir., 1997); *In re Prison Litigation Reform Act*, 105 F.3d 1131 (6th Cir. 1997)(Administrative Order 97-01 of Chief Judge Martin).  The PLRA is constitutional. *Hampton v. Hobbs*, 106 F.3d 1281 (6th Cir. 1997).

A complaint is frivolous under 28 U.S.C. §1915 if it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); the language of §1915A suggests strongly that Congress intended to carry the same meaning over to the new Act. The Court "is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations." *Denton*, 118 L. Ed. 2d at 349.

>The test for dismissal for failure to state a claim is also well established:
>
>[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

2

*Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957); *Neitzke v. Williams,* 490 U.S. 319, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Hishon v. King & Spalding*, 467 U.S. 69, 104 S. Ct. 2229, 81 L. Ed. 2d 59 (1984); *Nishiyama v. Dickson Cty.*, 814 F.2d 277 (6th Cir. 1987)(en banc); *Collins v. Nagle*, 892 F.2d 489 (6th Cir. 1989).

The Common Pleas Court docket in this case provides relevant chronological facts.[1] Mr. Howard was indicted by the Montgomery County Grand Jury on January 14, 2004, on multiple felony counts. The case was assigned to Judge Donovan, who was then a Montgomery County Common Pleas Judge; she appointed Defendant Zugelder to represent Mr. Howard because he was indigent. On May 12, 2004, a jury found Mr. Howard guilty as charged and on June 10, 2004, Judge Donovan sentenced him to thirty years confinement. Although Mr. Zugelder filed a notice of appeal, attorney J. Allen Wilmes took over the appellate process when he was appointed July 1, 2004, by Judge Donovan (See Appellant Brief, signed by Mr. Wilmes, attached to the Complaint). On July 15, 2005, the Court of Appeals affirmed the conviction. The docket shows no further appeal to the Ohio Supreme Court. Plaintiff filed this action October 2, 2007.

Plaintiff accuses all four Defendants of identical conduct: "Deliberate violations of professional, judicial, ethical misconduct during trial [on particular dates] resulting in constitutional violations 5th, 6th, 8th, 14th of due process creating a wrongful conviction." (Complaint, Doc. No. 1, at 5) Plaintiff nowhere explains what conduct he is complaining of. Instead, he incorporates in his Complaint his Brief on appeal and several pages from what appears to be a grievance intended to be filed with the Disciplinary Counsel of the Supreme Court of Ohio relating to Defendant Zugelder which appears to have references to transcript pages from the trial. For relief in this case, Mr. Howard seeks to have this Court vacate his sentence, release him from custody, and order each of the Defendants to pay him $25,000 per year for an unspecified number of years. The Complaint is

---

[1]The docket is available to the public at www.clerk.co.montgomery.oh.us.

undated and unsigned.

## Analysis

Plaintiff has not stated any basis for this Court's exercise of jurisdiction over his claims. However, a federal court has jurisdiction in habeas corpus under 28 U.S.C. § 2254 over claims that a conviction in state court has been entered in violation of the United States Constitution. It appears that, at least in part, Mr. Howard seeks to invoke this Court's habeas corpus jurisdiction. Several obstacles stand in his path.

First of all, a habeas corpus proceeding must be brought against the person having custody of the habeas petitioner, in this case the warden of the Southern Ohio Correctional Facility. Secondly, such a petition must be separate from any claims for damages arising out of the criminal case. *Preiser v. Rodriquez*, 411 U.S. 475, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973). Third, a habeas corpus claim must be made on the form of petition prescribed for those cases which requires the petitioner to set forth in some detail the prior steps taken in the criminal process. Fourth, a habeas corpus petition must be filed within one year from the date the conviction became final and it appears the conviction here became final more than two years ago.

Based on all of these deficiencies, it is respectfully recommended that the release from custody portion of the Complaint be dismissed without prejudice to its being refiled as a habeas corpus petition, assuming such filing would be timely.

Mr. Howard also does not state a jurisdictional basis for the compensatory damages portion of the Complaint, but 42 U.S.C. § 1983 creates a cause of action in damages for persons whose constitutional rights have been violated by persons acting under color of state law; this Court has jurisdiction over such claims under 28 U.S.C. § 1331 and § 1343. Nevertheless, the compensatory damages claims in this case should be dismissed with prejudice for the following reasons.

First of all, Mr. Howard has sued Judges MacMillan and Donovan for acts done by them in their official capacities as Judges of the Montgomery County Common Pleas Court. The common law absolute immunity of judges was first recognized in this country in *Bradley v. Fisher,* 80 U.S. (*Wall*) 355, 20 L. Ed. 2d 646 (1872). It was explicitly extended to actions under 42 U.S.C. § 1983 in *Pierson v. Ray,* 386 U.S. 547, 87 S. Ct. 1213, 18 L. Ed. 2d 288 (1967), and *Stump v. Sparkman*, 435 U.S. 349, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978). The immunity is lost only when judges act in the clear absence of all jurisdiction. *Id.* at 362; *King v. Love*, 766 F.2d 962 (6th Cir. 1985); *Schorle v. City of Greenhills,* 524 F. Supp. 821, 828 (S.D. Ohio 1981). Whether or not Judges MacMillan or Donovan violated Mr. Howard's constitutional rights, they were at all times acting as judges in the processing of a felony case which arose in Montgomery County, Ohio. They are absolutely immune from any damages liability for their acts.

Secondly, Mr. Kenneth Pohlman is sued as an Assistant Montgomery County Prosecutor. Acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity. *Imbler v. Pachtman*, 424 U.S. 409, 96 S. Ct. 984, 47 L. Ed. 2d 128 (1976); *Burns v. Reed*, 500 U.S. 478, 111 S. Ct. 1934, 114 L. Ed. 2d 547 (1991); *Buckley v. Fitzsimmons*, 509 U.S. 259, 113 S.Ct. 2606, 125 L.Ed.2d 209 (1993). Whether or not Mr. Pohlman violated any of Mr. Howard's constitutional rights, he was acting at all times as the prosecutor assigned to try this felony case and is absolutely immune.

Finally, Mr. Zugelder as an appointed defense attorney was not acting under color of state law. *Polk County v. Dodson* 454 U.S. 312, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981). Thus Plaintiff cannot sue him under § 1983. This Court could, however, have subject matter jurisdiction under 28 U.S.C. § 1367 for a common law claim of attorney malpractice arising out of the same matters as the federal claims. However, such a claim would arise under Ohio law and could only be brought

5

for one year after the malpractice. The Common Pleas docket reflects that Mr. Zugelder's representation of Mr. Howard ended July 1, 2004, when Mr. Wilmes replaced him as counsel.

## Conclusion

Pursuant to 28 U.S.C. § 1915, it is respectfully recommended that the release from custody claim be dismissed without prejudice and that the compensatory damages claims be dismissed with prejudice as barred either by absolute immunity or the statute of limitations. The Clerk shall not issue process in this case without further order of the Court.

October 10, 2007.

s/ **Michael R. Merz**
Chief United States Magistrate Judge

Copies:   The Honorable William MacMillan
          The Honorable Mary Donovan
          Kenneth Pohlman, Esq.
          Mark Zugelder, Esq.

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d

435 (1985).